**In re James and Evetta THOMAS, Debtors.**

**No. 885–50672–20.**

United States Bankruptcy Court, E.D. New York, at Westbury.

Feb. 26, 1986.

J. Kridel, Melville, N.Y., for movant; Mark Mendel, of counsel.

Sidney Holzer, Huntington, N.Y., for debtors.

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard on the motion of Capital Resources Corporation (Capital) for an order dismissing debtors' petition, or in the alternative, lifting the automatic stay against Capital pursuing its remedies against debtors in state court. Debtors made a motion to strike Capital's claim.

## FACTS

1. Debtor filed a petition for bankruptcy on May 1, 1985.

2. On July 18, 1985, debtors plan for bankruptcy was confirmed, providing that debtors pay Capital the mortgage payments due, as well as additional payments of $150.00 for six months to cover pre-petition defaults on their mortgage.

3. Debtors have made all plan payments.

4. On October 14, 1985, Capital filed a proof of claim for $7,063.03. No evidence was offered to prove how this amount was calculated, but the court infers that Capital accelerated the balance due on the mortgage.

## DISCUSSION

The Rules of Bankruptcy Procedure provide that motions to dismiss be made on all creditors. In this case, no creditors were notified. Therefore the motion is denied.

As to Capital's motion to vacate the stay, the court finds that Capital has been provided for by the terms of debtors' confirmed plan of bankruptcy. Although Capital did not file a pre-confirmation proof of claim, it received notice of debtors' proposed plan, in which Capital's claim was properly accounted for. Accordingly, 11 U.S.C. § 1327(a) binds Capital to the terms of debtors' plan.

The court notes, incidentally, that Capital's apparent effort to accelerate this loan would probably fail based on the facts as the court presently understands the case. In a similar case in which a creditor sought to void a deacceleration, *Di Pietro v. Taddeo (In re Taddeo)*, 685 F.2d 24 (2d Cir.1982), the Second Circuit held that debtors can provide in their chapter 13 plans for the payment of mortgage defaults, despite the mortgagee's acceleration. Generally, as the debtors in this case provide, deacceleration must provide for the curing of mortgage defaults before the final date of the mortgage.

SO ORDERED.